No. 3415

Second Circuit

## JONES v. FROST LUMBER INDUSTRIES, INCORPORATED.

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Thorton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

WEBB, J., Plaintiff filed this suit on February 28, 1928, against defendant, his former employer, to recover compensation for permanent total disability to do work of any reasonable character, alleged to have resulted from an accidental injury

sustained by plaintiff on October 13th, 1927, while he was engaged in the scope of his employment with defendant.

He alleged in substance that, a heavy plank had fallen upon him injuring his left leg, ankle and foot, and puncturing or tearing the walls of his abdomen, causing a traumatic hernia; that soon after he was injured defendant became aware of the cause, time and extent of his injuries, and had him treated by physicians selected by it, and that defendant, as part of the hospital expenses it was liable to furnish him by law, let plaintiff have groceries to an amount not exceeding the value of one hundred seventy-six dollars, but that defendant had failed and refused to pay him any amount on or for his said injuries, except to furnish him with groceries and to have a physician attend him.

In answer, defendant admitted that plaintiff had sustained an injury of the leg, ankle and foot, but alleged that he had fully recovered from the injuries and had been paid compensation for the disability resulting therefrom, and otherwise denied plaintiff's allegations, especially denying that plaintiff had sustained a hernia.

The trial was begun on April 24th, 1928, and the case was held open for the introduction of evidence to be taken under deposition de bene esse, and the depositions having been taken and filed, the cause was submitted on June 28th, 1928, and plaintiff's demands being rejected, he appeals.

At the time of the accident, plaintiff was assisting other workmen in loading logs on a wagon, which stood near a bridge, on which plaintiff was standing, and one of the logs fell upon the opposite side of the bridge from that on which plaintiff was standing, tilting the plank or planks on which he was standing and throwing him upward several feet, and when plaintiff fell, it is conceded that the plank or planks which had been tilted struck plaintiff on the leg, ankle and foot, causing minor injuries of the leg and foot, but severely injuring the ankle, for which plaintiff was treated by a physician who, we assume, was employed by the defendant to attend its employees, from which there was an apparent uneventful recovery, defendant paying compensation until January 24th, 1928, when physicians representing defendant after an examination of plaintiff's leg, foot and ankle, concluded that he had recovered from such injuries.

In support plaintiff claims that he had not recovered from the injuries of the ankle at the time that defendant ceased to pay compensation, and at the time of the trial, he testified that he suffered with pain in his ankle and that it was swollen at times, and that the functions of the ankle had been permanently impaired, causing some disability, and he also called a physician who had examined him a short time before the trial who stated that at that time plaintiff's ankle was somewhat swollen, and that there was some loss of the use of the ankle, but that he did not think it caused any serious disability. Defendant called the physician who examined plaintiff on January 24th, who said that the ankle had healed at that time, and that there was not any impairment of the ankle, and two other physicians were also called who examined plaintiff at the time of the trial, who said the ankle had been treated and that there was not anything indicating any impairment or loss of function of the ankle.

We are of the opinion that the preponderance of the evidence shows that plaintiff had recovered from the injury of the leg, foot and ankle, and that any disability resulting from such injuries had ceased to exist when defendant quit paying compensation; and that the only question relative to which there could be any doubt, is whether or not the plaintiff sustained a hernia at the time of the accident, for which compensation should be allowed under the provisions of the statute (Act No. 85 of 1926, p. 115, sec. 8, subsec. 1, par. (d), cl. 17), which reads as follows:

"Hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as of slow development and not compensable, being a disease rather than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain, first, that the descent of the hernia immediately following the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employee was compelled to cease work immediately; fourth, that the above facts were of such severity, that the same was noticed by the claimant and communicated to the employer within forty-eight hours after the occurrence of the hernia; fifth, that there was such physical distress that the attendance of a licensed physician was required within forty-eight hours after the occurrence of the hernia. In the case of hernia as above defined, the provisions of cause A and subdivision 5, of Section 8, paragraph 1, shall apply, until such time as the employee is able to resume some kind of work with the aid of a truss or other mechanical appliance. If the employee refuses to permit of an operation, the employer shall meet the requirements above specified, pay reasonable cost of the truss or other appliance found necessary, and also pay compensation for 26 weeks after the accident; following which his obligation shall cease and terminate, unless death results from the hernia, in which case compensation shall be paid his dependents when and as provided under the other provisions of this act. However, if the employee shall elect to undergo an operation, by a physician selected by the employer, the employer shall meet all the expenses incident to such operation and recovery, not in excess of $250.00, together with compensation as provided in clause (a) of the schedule of payments of this Section during the period of disability prior to and following the operation not to exceed 26 weeks if the operation is successful. If the employee refuses the services of the physician selected by the employer, preferring one of his own selection, the employer shall be released of obligations concerning medical expense due to the operation and recovery, but shall pay compensation during the prior and resulting periods of disability. If death results from the hernia or operation, the provisions of this act in other death cases shall apply."

The hernia which plaintiff had was an inguinal hernia on the left side of the abdomen, and not easily discernible at the time he was examined on or about January, 1929, by physicians representing the defendant, and the same conditions existed at the time of the trial. However, plaintiff urges that it was traumatic and was sustained at the time of the accident. And it is suggested that, if the hernia was traumatic, the provisions of the statute are not applicable or, in other words, the suggestion is that the law provides for compensation for two classes of traumatic hernia; one, where the hernia results directly from the application of force to the abdominal wall, and the other, when it results

from a sudden effort or strain, and that the requirements of the statute quoted are applicable only to the latter class.

There is not any authority cited in support of the position, and we do not know of any. We therefore presume that the suggestion is merely made as an introduction of the position urged by plaintiff that where the workman sustains an accident and injury which admittedly disabled him, such as wounds of the leg, ankle and foot, as in the present instance, of which the employer had notice, it is not essential for him to show compliance with requirements of the statute in order to recover compensation for a hernia which was sustained at the same time; or that, where it is shown that the workman also sustained a hernia at the time of the accident in which he sustained other injuries which disabled him, he should be relieved of showing compliance with the requirements, or be permitted to recover on showing substantial compliance, and in support of the position, plaintiff cites Racca v. Parkersburg Rig & Reel Co., 6 La. App. 532, and Crow v. Raymond Concrete Co., 11 La. App. 549; 123 So. Rep. 413.

We do not think either of the decisions supports the position. In Racca v. Parkersburg Rig & Reel Co., supra, where the only injury of which the workman complained was a hernia, the court under the facts presented relieved the workman of showing a strict compliance with the requirements, that a licensed physician was called to attend him within forty-eight hours after the occurrence of the hernia; and in Crow v. Raymond Concrete Company, where there was an injury of the eye and also an injury of the abdomen, which caused him to suffer

pain in that region, it was held that the facts presented showed the descent of the hernia was immediate, although the workman did not know that he had sustained a hernia, and that the foreman of the employer having immediate knowledge that the workman had sustained an injury of the abdomen and had suffered severe pain in that region, the knowledge of the foreman of the facts was sufficient to visit notice upon the employer. But it was not held in either of the decisions that a recovery could be allowed for a hernia when the workman did not show compliance with the provisions of the statutes, and while it may be said that in the latter decision, a strict compliance with the statute was not required, or the workman was allowed to recover on showing a substantial compliance with the statute, the circumstances presented in that case were very different from those presented here.

In the present case, while the plaintiff states that he received a blow on his abdomen and that he suffered with severe pain in that region, he does not claim that he communicated such facts to the foreman, who it is claimed was in charge of the work, and the only circumstances from which it could be claimed that the employer had notice of the facts, is that the foreman witnessed the accident and that when he accompanied plaintiff to his house, plaintiff had informed him that he was sick at the stomach, or nauseated, which the physicians state is one of the symptoms of hernia. But it is not suggested that nausea is a distinctive symptom of hernia, or that the foreman knew anything of the symptoms of hernia, or if plaintiff did sustain a blow on or injury of the abdomen, it is not shown that the foreman had any

knowledge that he did, and conceding that the requirement of the statute should be literally construed and that proof of a substantial compliance should be sufficient, we do not think that the evidence established that the foreman had knowledge of the facts and that there was thus a substantial compliance with the requirement that the facts should be communicated to the employer.

If the requirements of the statute are subject to construction, and the intent of the legislation may be sought in the purpose of the statute, it appears that the purpose of the statute was to provide that in order for compensation to be allowed for a hernia which may have been sustained by a workman while engaged in his work, it is essential, not only for the workman to show that he sustained a blow on the abdomen, or strain, and that the hernia appeared or developed thereafter, but that he should establish that he suffered severe pains in the hernial region of such nature as to cause prostration and compel him to cease work and require the attendance of a physician; and conceding for the present that, plaintiff did sustain a blow on the abdomen or a strain and that he suffered with severe pains in the hernial region sufficient to have prostrated him, and to compel him to cease work, without regard to the injury of the ankle, we do not think the evidence shows that plaintiff complied with the statute by having a physician attend him.

Plaintiff states that after he arrived at his home, a physician was called, but he admits that the physician did not examine his abdomen or treat him for any abdominal pains, and although he states that he told the physician he was suffering with such pains, the physician did not pay any attention to him; and plaintiff's wife also states that he had told the physician that he was suffering with such pains, yet the physician states that the plaintiff did not advise him of such pains. If plaintiff did suffer such pains, it is difficult to understand why he failed to insist on the physician examining him and treating him for such pains, as well as why the physician should have failed to examine plaintiff and make some attempt to relieve him. The circumstance, as related by plaintiff, was not only unusual but very improbable, and we do not think that a workman who calls a physician, but fails to inform him that he had sustained a hernia (which plaintiff states was at that time noticeable) or that he was suffering pain in the hernial region, shows a compliance with the provision of the statute.

However, aside from the failure of the plaintiff to show compliance with requirements (4) and (5) of the statute, the record suggests a very grave doubt as to whether he sustained a hernia at the time or as the result of the accident.

As stated, the hernia was a small inguinal hernia on the left side of the abdomen, and while plaintiff stated that he was struck by a plank at the time of the accident, and that, after he was removed by some of his fellow workmen from the immediate scene of the accident, that he noticed a blue place on his abdomen, the evidence shows that persons who witnessed the accident did not see any plank strike plaintiff's abdomen, and it is not shown that any plank or planks were on his body at the time his fellow workmen went to assist him, and the physicians stated that in order for a blow from a plank to have caused the hernia, it would have been necessary for the end

of the plank to strike plaintiff in the groin, and the only physician called by plaintiff was of the opinion that the probable cause of the hernia was the sudden shock or strain when the plank or planks on which plaintiff was standing were tilted upward, and while all of the physicians state that if the hernia was a traumatic hernia, it would have been very tender and sore, yet a physician to whom plaintiff claimed he showed the hernia on the 15th of October, states that there was not any tenderness in that region, and that the hernia did not appear to have been of recent origin, and he could have had the small hernia noticed by him without being disabled, and that he had also had an inguinal hernia on the right side. Plaintiff claimed that there was a lump in his groin when he arrived at his home a few hours after the accident, which he showed to his wife and two persons who called at his home on the afternoon of the date of the accident and that he had shown the lump to many of his acquaintances within a short time following the accident, yet he did not tell the physician who attended him immediately following the accident of the condition until more than a month after the accident, although he had been in the physician's office to have him examine his ankle practically every day since the accident, nor did he inform the defendant or the foreman of the condition. And some time after the accident, and subsequent to the time plaintiff's evidence shows he knew of the hernia, he was in the office of the physician, who was treating his ankle, and a report of the accident was made out by the physician in the presence and with the knowledge of plaintiff in which it was stated that the only injuries sustained by the plaintiff was of the ankle, and there are many other circumstances shown in the records which, even though considered in the most favorable light to plaintiff, show that he was at least very inattentive to questions asked him, and are difficult to reconcile with his claim for compensation for the alleged hernia.

It is true that some of the evidence was taken under commission, and that a number of witnesses whose statements corroborate in part the statements of plaintiff, did not appear before the trial court, and that the usual weight to be given to findings of fact of the trial court may not be as applicable as when all of the witnesses appear before the court; however, the plaintiff did appear before the trial court, but considering the conflict in plaintiff's testimony and the evidence indicating that plaintiff did not sustain a traumatic hernia, and the fact that the plaintiff appears from his statement to have advised others of his condition after the period when he should have advised the defendant, whom he failed to advise, and that he discussed the matter with others before he advised the physician, who might have been of some assistance to him, shows that the plaintiff pursued a very unusual course from that which would have been taken by one having a just claim, and that the record does not present a case where it could be said that the finding of the trial court and judgment rejecting plaintiff's claim is manifestly erroneous.

The judgment is affirmed.